TOWNS & a. v. CHESHIRE RAILROAD COMPANY.

By the Rev. Stat. ch. 142, § 6, railroad corporations are not bound to make or keep fences, except against the land of persons adjoining the railroad, nor are they bound to keep cattle-guards.

Towns *v.* Cheshire Railroad Company.

The plaintiffs' mare escaped from their pasture into an adjoining highway, which was crossed by a railroad, in land not owned by the plaintiffs, and went thence upon the track at a place where it crossed the highway and where there was no cattle-guard or fence, and was killed by the engine : *Held*, that the corporation was not liable.

CASE. The parties agreed to submit this action to the decision of the Court upon the following statement of facts.

On the 3d of September, 1849, the plaintiffs' mare escaped from their pasture in the westerly part of Keene, distant about one fourth of a mile from the railroad, into an adjoining highway which is crossed by the railroad at grade, in lands not owned by the plaintiffs ; and went along in the highway till she came to the crossing, when she turned upon the railroad and passed down it for about one fourth of a mile. She was within the limits of the railroad, by the side of the embankment, when a passenger train came along at its usual time in the afternoon, and at its usual speed.

As the train approached, the engineer discovered the mare about ten rods distant, and gave the usual signal by the steam-whistle for breaking up and stopping the cars, and the breaks were applied. The mare immediately went upon the embankment and ran along upon the track for a short distance, was overtaken by the engine, thrown from the track by the cow-catcher down the bank and killed. The train could not have been stopped, after she was seen by the engineer, before reaching her.

There was no cattle-guard or fence across the railroad at the crossing where the mare passed from the highway upon the railroad.

The mode of preventing animals from passing from highways upon railroads is usually by cattle-guards, so called, across the railroad on each side of the highway.

If the Court should be of opinion that the plaintiffs are entitled to recover, judgment is to be rendered for them for such sum as shall be assessed by the jury ; otherwise for the defendants for costs.

*Vose,* for the plaintiffs.

We contend, that by implication from the Rev. Stat. page 276, the corporation is bound to fence the railroad; that cattle-guards or some equivalent fence are usual and necessary at the intersections of railroads with common highways, and cannot be omitted without danger to the lives of passengers in the cars, and to the property transported by them, as well as to animals passing on the roads. The public highways are open to all for the purpose of passing along them, and the plaintiffs' mare was rightfully there at the time. No question as to the right of adjoining land-owners arises in this case.

We contend, that the failure of the corporation to construct the usual cattle-guard at the crossing in question was dangerous negligence, which deprived them of any right they might otherwise have had to run over and destroy the plaintiffs' mare. The corporation, as occupants, were bound to fence against every thing lawfully in the highway. *Tewkesbury* v. *Bucklin,* 7 N. H. Rep. 521.

*Wheeler & Faulkner,* for the defendants.

We contend, that we were not bound in law to fence *across* the railroad at places where highways intersect it. It is enough that the sides of the railroad were fenced. Even if the corporation were required by law to construct cattle-guards or fences at the crossings of highways, this action cannot be maintained, for the reason that the plaintiffs' mare was wrongfully in the highway. She was not in the service of her owners, or under their control.

Since the case of *Rust* v. *Low,* 6 Mass. 90, the decisions have been numerous and uniform, that the owner of a close is bound to fence only against cattle which are rightfully in the adjoining close. *Thayer* v. *Arnold,* 4 Met. 589, and the authorities there cited. When cattle stray from the owner's pasture into the highway where the right of soil is in another, they become trespassers. *Mills* v. *Stark,* 4 N. H. Rep. 512; *Avery* v. *Maxwell,* 4 N. H. Rep. 36. And they are not the less trespassers when they pass from such highway into the close of another.

GILCHRIST, C. J.　It is provided by the Rev. Stat. ch. 142, § 6, that if any railroad corporation shall neglect to keep a sufficient and lawful fence on each side of their road, any person against whose land such fence is insufficient may notify the agent of the corporation, and if the fence shall not be made sufficient within twenty days, the owner of the land may repair the fence and may recover of the corporation double the amount of the expense.

This section gives a remedy in terms, only to the owners of land adjoining the railroad, and it was accordingly held in the case of *Woolson* v. *The Northern Railroad Corporation*, decided in the county of Merrimack at the December term, 1848, that railroad corporations were not bound to build fences except against the land adjoining the road, and that they were not bound to make " cattle-guards," so called, where the railroad intersected a highway.　In the case referred to, the action was case to recover the value of three calves killed on the railroad track by the engine, and it appeared that the animals escaped from the plaintiff's land and wandered along the highway until they came to the track, where they were killed by the engine at a point distant from the plaintiff's land.

Since the decision of that case, the act of July 13th, 1850, has been passed, making it the duty of railroad corporations to maintain cattle-guards, &c.; but as the injury sustained in this case was before the passage of the act, its provisions are not applicable here, and the decision in *Woolson* v. *The Northern Railroad Corporation* settles that the plaintiffs, in this suit, cannot recover.

It is said in this case that the mare was rightfully in the highway.　The rule of the common law is, that a man is bound to keep his cattle on his own land at his peril.　*Avery* v. *Maxwell*, 4 N. H. Rep. 36 ; *Mills* v. *Stark*, Ib. 514.　But a person is not bound to fence against cattle unlawfully in the highway. *Tewkesbury* v. *Bucklin*, 7 N. H. Rep. 518.　In this case the mare escaped from the pasture.　She was not driven along the road by her owner, for which purpose the road might lawfully be used, but was straying upon it, and went from it upon the

track where she was killed. It cannot therefore be said that she was lawfully in the highway, and we are of opinion that there should be

*Judgment for the defendant.*